@ CV ORDERS (10-592-o35-dcb)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission, | )<br>)<br>) |
| Plaintiff, | ) Case No.: 10-CV-592-TUC-DCB<br>)<br>) |
| vs. | )<br>) **CONSENT DECREE** |
| Community Provider of Enrichment Services, Inc., | )<br>)<br>) |
| Defendant. | )<br>)<br>)<br>) |

  The United States Equal Employment Opportunity Commission filed this action against Defendant Community Provider of Enrichment Services, Inc. ("CPES"), alleging that CPES refused to hire Lisa Parra, Rick Siego, and other qualified hearing-impaired job applicants, relying on a policy against hiring hearing-impaired applicants, in violation of Title I of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq*.  The Commission also alleged that CPES failed to provide a reasonable accommodation to Mr. Siego and other hearing-impaired job applicants by refusing to provide sign language interpretation during job interviews.  CPES filed an Answer denying all liability.  CPES continues to deny any liability and any violation of the ADA.

  The parties do not object to the jurisdiction of the Court over this action and waive their rights to a hearing and the entry of findings of fact and conclusions of law.  The

parties agree that this Consent Decree is fair, reasonable, and equitable and does not violate the law or public policy.

In the interest of resolving this matter and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that this action should be finally resolved by entry of this Decree.  See Exhibit A.

It is hereby ORDERED, ADJUDGED, and DECREED:

1.  This decree resolves all of the Commission's claims against Defendant in this lawsuit, including, without limitation, back pay, compensatory and punitive damages, interest, injunctive relief, and attorney's fees and costs.

## INJUNCTION

2.  Defendant and its officers, agents, employees, successors, assigns and all persons in active concert or participation with them, are permanently enjoined from engaging in any employment practice which unlawfully discriminates against an applicant or employee under the ADA.  Prohibited discrimination includes, but is not limited to: (a) discriminating against any applicant on the basis of disability; (b) refusing to reasonably accommodate an applicant because of disability; and (c) articulating or implementing a policy of not hiring or employing a deaf person as a Direct Support Provider or any other position which the applicant is qualified to "perform safely" with or without a reasonable accommodation.  For purposes of this agreement, the term "perform safely" means to perform without causing a direct threat to the health or safety of the individual or others that cannot be eliminated by reasonable accommodation, as defined by 42 U.S.C. § 12111(b) and the Commission's regulations found at 29 C.F.R. § 1630.2(r).

3.  Defendant will not retaliate against any person in any way for that person's opposition to a practice made unlawful by the ADA, or for that person's participation in the Commission's or a state agency's proceedings or litigation, and will make any future employment decisions concerning parties and witnesses on a nondiscriminatory basis.

## MONETARY RELIEF

4.  Judgment is entered in favor of the Commission and against Defendant in the amount of Thirty Three Thousand Five Hundred Dollars ($33,500.00).

5.  Within seven (7) days of entry of this Decree, Defendant will pay the gross sum of Thirty Three Thousand Five Hundred Dollars ($33,500.00), to be distributed to the aggrieved persons in a manner that will be provided to counsel for Defendant by the Commission.  Defendant will not condition the receipt of monetary relief on an aggrieved person's agreement to: (a) maintain as confidential the facts and/or allegations underlying his or her charge and complaint and the terms of this Decree; (b) waive his or her statutory right to file a charge with any governmental agency; (c) refrain from reapplying for a job with Defendant; or (d) a non-disparagement and/or confidentiality agreement.

6.  Defendant will pay the settlement amount by check, cashier's check or money order, for which sufficient funds exist, in accordance with Paragraphs Four (4) and Five (5) of this Decree.

7.  Within three (3) business days of issuance of the checks, Defendant will furnish a copy of each check and the related correspondence to the Regional Attorney, Equal Employment Opportunity Commission, 3300 N. Central Avenue, Suite 690, Phoenix, Arizona  85012.

## **OTHER RELIEF**

8.  Within thirty (30) days of the entry of this Decree, Defendant will revise the job description for the position of Direct Support Provider to rescind the physical requirement that the employee "[m]ust be. . . able see and hear consumers in order to monitor consumer activities" and replace it with a requirement that a Direct Support Provider must be able to monitor consumer activities, with or without a reasonable accommodation.  The revised job description will reflect that an individual may qualify for the position if the individual is able to "perform safely" (as defined in paragraph 2 above) the essential functions of the position with or without reasonable accommodation.  CPES will distribute the revised job description, including an affirmative communication that it does not have a policy or practice of refusing to hire hearing-impaired applicants, to each and every employee involved in hiring or supervising Direct Support Providers within forty-five (45) days of the entry of this decree.

9.  Within nintey (90) days of entry of this Decree, Defendant, with the assistance of

the consultant described in Paragraph 13.A below, will develop and implement a comprehensive policy setting forth procedures for processing applications from individuals with disabilities. This policy will (a) comply with Sections 12 and 13 of the EEOC's "Enforcement Guidance: Reasonable Accommodation and Undue Hardship Under the Americans with Disabilities Act," (http://www.eeoc.gov/policy/docs/accommodation.html#reasonable) and Chapters III-VIII of the EEOC's Technical Assistance Manual: Title I of the ADA; (b) establish procedures for promptly evaluating and approving requests for reasonable accommodation, including a minimum of two levels of management review before any request for accommodation may be denied; and (c) set forth disciplinary consequences for an employee's failure to comply with the policy.

10. Within thirty (30) days of entry of this decree, Defendant will implement a policy of distributing all job postings to an agreed upon group of advocacy organizations for the hearing-impaired.

11. Effective immediately, Defendant will provide sign language interpretation during the hiring process for any applicant who requests such an accommodation. If a job applicant does not request sign language interpretation but Defendant believes that the applicant may need a reasonable accommodation during the hiring process, Defendant will ask the applicant if she or he needs a reasonable accommodation.

## DEFENDANT'S CORRECTIVE POLICIES AND PRACTICES

12. Within seven (7) days of entry of this decree, Defendant will post the notice attached as Exhibit B in a prominent place visible to job applicants and employees in all office locations in Arizona. The notice will be the same type, style, and size as Exhibit B and will remain posted for the term of this Decree.

13. Defendant will provide training regarding disability discrimination and the reasonable accommodation of disabled persons according to the following terms:

    A. Within forty-five (45) days following entry of the Decree, Defendant will consult with a professional who has education and experience in the field of workplace accommodation. For the length of the Decree, Defendant

4

will consult with this professional regarding compliance with this Decree, including the training described in paragraphs 13.B. and 13.C. below. Defendant will obtain the EEOC's approval of the consultant prior to working with the consultant. Defendant will pay all fees and costs, if any, associated with the consultant/trainer and the training described below.

B. Within ninety (90) days following entry of this Decree, Defendant will provide a minimum of ninety minutes of live training to all supervisory and management employees at the level of Service Coordinator and higher and all employees involved in the hiring process regarding the company's policies and procedures that relate to the hiring, employment, and reasonable accommodation of persons with disabilities. This information will include, but not be limited to, the policies described in Paragraphs 8-11 above, the company's obligation to provide reasonable accommodations to disabled job applicants, including deaf and hearing-impaired applicants and examples of common reasonable accommodations that can be provided in the workplace and in the job application process, with an explanation that other possible reasonable accommodations may be required. The training will include interactive components. All new supervisory and management employees and all previously-untrained employees involved in the hiring process will receive pre-recorded training on these issues before such employees participate in the hiring process. This training will be repeated live every twelve (12) months for the duration of this decree. Defendant will inform the Commission of the date of each training session to be held in Tucson and Phoenix and will give at least ten (10) days notice prior to each session. The Commission, at its discretion, may designate Commission representatives to attend the training session. The EEOC will provide Defendant with reasonable notice of its intent to attend the training session.

C. Within sixty (60) days following entry of this decree and every six months

        thereafter for the term of this Decree, Defendant will provide a minimum of ten (10) minutes inservice training during regularly scheduled staff meetings for all Direct Service Providers and Support Supervisors regarding employment discrimination issues, with a focus on Defendant's commitment to providing reasonable accommodations for employees with disabilities and explaining Defendant's policies and procedures for receiving and responding to requests for accommodation.  At least fifteen (15) days prior to the first presentation, Defendant will provide EEOC with a copy of the materials that will be used by the persons providing the training or that will be distributed.

    D. All personnel that attend the training referenced in Paragraphs B-C above will sign an attendance roster.  The registry of attendance will be retained by the Defendant for the duration of the decree.

    E. During the length of the Decree, Defendant will distribute to all supervisory and management employees all policies and procedures developed or modified pursuant to this Decree.

    14.  Within 180 days of the effective date of this Consent Decree, CPES will contract with a protection and advocacy group for the deaf and hearing impaired to perform testing to ascertain whether CPES employees charged with receiving employment applications from the public are complying with CPES policies and training with regard to processing the employment applications of persons who are deaf or hearing impaired in a manner that complies with ADA requirements.  The contract will provide for testing on three separate occasions.  The first instance of testing will occur after the training describe above.  The second instance will occur no later than six months after the initial testing.  After good faith consultation with CPES, the EEOC and ACRD will determine whether a third test is necessary and when it will take place.  The contract will provide that the testing agency will provide the results of the testing to the EEOC at the same time that it provides the results to CPES.  If the testing agency identifies any deficiencies in CPES' ADA compliance during testing, CPES will meet with the EEO and a testing

agency representative to discuss such deficiencies and the means to correct them. CPES will pay any costs associated with this testing.

## **REPORTING BY DEFENDANT AND ACCESS BY EEOC**

15. Defendant will report in writing and in affidavit form to the Regional Attorney of the Commission's Phoenix District Office at 3300 North Central Avenue, Suit 690, Phoenix, Arizona 85012, within one hundred twenty (120) days after entry of the Decree, the following information:

   A. A statement that Defendant has complied with in the requirements of Paragraphs 8-14 above, describing the manner and dates on which such compliance was effected and including copies of all new or revised policies or procedures.

   B. Disclosure of all information the Defendant must collect under the terms of this Decree.

   C. A copy of the revised policies required by paragraphs seven (7) through twelve (12) above.

16. Defendant will report in writing and in affidavit form to the Regional Attorney of the Commission's Phoenix District Office at 3300 North Central Avenue, Suit 690, Phoenix, Arizona 85012, every twelve (12) months after entry of the Decree, the following information:

   A. Any changes, modifications, revocations, or revisions to its policies and procedures that concern or affect the subject of disability discrimination, reasonable accommodation, or retaliation.

   B. The name, address, position, and telephone number of any job applicant or employee who reports or complains of disability discrimination, failure to provide reasonable accommodation, or retaliation within the previous six months.

17. Upon reasonable written notice to defendant, the Commission may request and CPES shall provide documents and other information reasonably necessary to monitor compliance with this Decree.

18. On a semi-annual basis, Defendant will prepare and submit to the Regional Attorney of the Commission's Phoenix District Office at 3300 North Central Avenue, Suit 690, Phoenix, Arizona 85012, a list of all applicants and employees who requested reasonable accommodation of a disability during the previous six months. This list will include each person's name, home address, phone number, dates of employment or application, a brief description of the requested accommodation, whether or not the accommodation was granted, and the name of the person who decided whether or not the accommodation would be granted. If no persons have requested reasonable accommodation during the previous six months, Defendant will so inform the Regional Attorney.

## **COSTS AND DURATION**

19. Each party will bear its costs and attorney's fees incurred as a result of this action through the filing of this Decree.

20. The duration of this Decree will be three (3) years from the date of its entry. This Court will retain jurisdiction over this action for the duration of the Decree, during which the Commission may petition this Court for compliance with this Decree. Should the Court determine that Defendant has not complied with this Decree, appropriate relief may be ordered. This Decree will expire by its own terms at the end of sixty (60) months from the date of its entry without further action by the parties.

21. The parties agree to entry of this Consent Decree and judgment subject to final approval by the Court.

/ / /
/ / /
/ / /
/ / /

22. By mutual agreement, the parties may modify any of the time provisions set forth in this Decree.

Dated this 14th day of September, 2011.

David C. Bury
United States District Judge

# **EXHIBIT A**

Respectfully submitted September 7, 2011.

| | |
|---|---|
| */s Mary Jo O'Neill*__<br>MARY J. O'NEILL<br>Regional Attorney | *signature on original*__<br>ROGER DESHAIES<br>CEO, CPES |
| */s Andrea G. Baran*<br>ANDREA G. BARAN<br>Supervisory Trial Attorney | *signature on original*<br>TODD E. HALE<br>LEWIS AND ROCA LLP<br>One South Church Ave |
| */s James Driscoll-MacEachron*<br>JAMES DRISCOLL-MACEACHRON<br>Trial Attorney | Tucson, Arizona 85701<br><br>Attorney for Defendant |

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,
Phoenix District Office
3300 N. Central Ave., Suite 690
Phoenix, Arizona  85012
(602) 640-5016

Attorneys for Plaintiff

# **EXHIBIT B**

## **NOTICE TO ALL APPLICANTS AND EMPLOYEES OF COMMUNITY PROVIDER OF ENRICHMENT SERVICES, INC.**

This Notice is posted pursuant to an agreement with the Equal Employment Opportunity Commission. It is unlawful under the Americans with Disabilities Act and state law to discriminate against job applicants and employees on the basis of disability in the recruitment, hiring, firing, compensation, assignment, or other terms, and conditions or privileges of employment. The Americans with Disabilities Act and state law also require CPES to engage with disabled applicants and employees to determine whether the applicant or employee needs a reasonable accommodation to apply to or work for CPES. Failing to engage in that process is a form of disability discrimination. It is also unlawful to retaliate against any person because the person protested or reported the discriminatory practices to management or the EEOC.

CPES will not discriminate against any applicant or employee on the basis of disability and will not retaliate against any employee for complaining about disability discrimination. If you believe you have been discriminated against, you have the right to seek assistance from **EEOC, 3300 North Central Avenue, Suite 690, Phoenix, Arizona 85012, Telephone: (602) 640-5000, TTY: (602) 640-5072, www.eeoc.gov**. You have the right to file a charge with the EEOC if you believe you are being discriminated against or retaliated against for reporting discrimination.

THIS NOTICE MUST REMAIN POSTED UNTIL _____.

                                                        Roger Deshaies, CEO
                                                        Community Provider of Enrichment Services, Inc.